**FILED**

FEB 24 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE LEE POSLOF, JR.,

    Petitioner,

    v

IVAN CLAY, Warden,

    Respondent.

NO C-08-00722-VRW

ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT

    Pursuant to 28 USC section 2254, petitioner filed this petition for a writ of habeas corpus as a state prisoner proceeding pro se. Petitioner filed the instant petition on May 23, 2008. Respondent filed an answer on October 30, 2008 and petitioner subsequently filed a reply.

    In his petition, petitioner alleges that his federal and state due process rights were violated when his parole was revoked and he was re-incarcerated. The court has recently been

1  informed that petitioner is no longer incarcerated; he was
2  released on parole on October 31, 2008.
3         Article III, section 2 of the United States
4  Constitution requires the existence of a case or controversy
5  through all stages of federal judicial proceedings. As a result,
6  throughout the litigation, the plaintiff or petitioner "must have
7  suffered, or be threatened with, an actual injury traceable to
8  the defendant and likely to be redressed by a favorable judicial
9  decision." Lewis v Continental Bank Corp, 494 US 472, 477
10 (1990). In the case of a challenge to a parole revocation, once
11 the petitioner has been released, "[i]t is clear that the direct
12 consequences of the state action challenged . . . can no longer
13 be remedied in habeas. Petitioners cannot be released from a
14 term of incarceration that they have already served." Cox v
15 McCarthy, 829 F2d 800, 803 (9th Cir 1987) (finding habeas
16 petitions regarding parole revocation should be dismissed as moot
17 since petitioners had served their additional terms and been
18 released from prison).
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

1  Because petitioner in this matter is no longer
2  incarcerated, the court hereby ORDERS that petitioner show cause
3  why his petition for writ of habeas corpus should not be
4  dismissed as moot.  Petitioner must submit his response within
5  thirty (30) days of the date of service of this order.  If the
6  court does not receive a response from petitioner to this order
7  to show cause within the specified time, the court will dismiss
8  this action as moot.  Any objections from respondent must be
9  filed within thirty (30) days of petitioner's response.

11  IT IS SO ORDERED.

_____
Vaughn R Walker
United States District Chief Judge