```
 1
 2                                                    FILED
 3
 4                                                MAY X 4 2009
 5                                              RICHARD W. WIEKING
                                             CLERK, U.S. DISTRICT COURT
                                            NORTHERN DISTRICT OF CALIFORNIA
 6
 7
                        UNITED STATES DISTRICT COURT
 8
                    FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10
11  LONNIE LEE POSLOF, JR,
                                          NO C-08-00722-VRW
12
                 Petitioner,              ORDER DISMISSING CASE
13
         v
14
15  IVAN CLAY, Warden,
16
                 Respondent.
17
18
19          Pursuant to 28 USC section 2254, petitioner filed this
20  petition for a writ of habeas corpus as a state prisoner
21  proceeding pro se.  Petitioner filed the instant petition on May
22  23, 2008.  Respondent filed an answer on October 30, 2008 and
23  petitioner subsequently filed a reply.
24          In his petition, petitioner alleges that his federal
25  and state due process rights were violated when his parole was
26  revoked and he was re-incarcerated.  Petitioner, however, is no
27  longer incarcerated; he was released on parole on October 31,
28  2008.  Per an order dated February 25, 2009, this court ordered
```

petitioner to show cause why his petition for writ of habeas corpus should not be dismissed as moot; petitioner subsequently filed a response.

Article III, section 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. As a result, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v Continental Bank Corp, 494 US 472, 477 (1990). In the case of a challenge to a parole revocation, once the petitioner has been released, "[i]t is clear that the direct consequences of the state action challenged . . . can no longer be remedied in habeas. Petitioners cannot be released from a term of incarceration that they have already served." Cox v McCarthy, 829 F2d 800, 803 (9th Cir 1987) (finding habeas petitions regarding parole revocation should be dismissed as moot since petitioners had served their additional terms and been released from prison).

A petitioner who, like Poslof, seeks to challenge the revocation of his parole after the underlying sentence has expired, must demonstrate continuing collateral consequences from the parole revocation in order to avoid a dismissal based on mootness. See Spencer v Kemna, 523 US 1, 14-18 (1998); Lane v Williams, 455 US 624, 632-33 (1982). The collateral consequences must be more than de minimis; claims of detriment in a future criminal or civil proceeding, or use of parole revocation against him should he appear as a defendant in a future criminal

2

proceeding, for example, do not constitute sufficient proof of collateral consequences. See Spencer, 523 US at 14-16.

Petitioner does not demonstrate continuing collateral consequences. He argues that he "suffered direct consequences" when he was re-incarcerated, but he does not allege any continuing collateral consequences as a result of his expired parole revocation. Petitioner's Response to OSC at 2. In addition, the court's review of the relevant record and pleadings does not reveal that petitioner is suffering continuing collateral consequences.

Accordingly, since petitioner cannot be released from a term of incarceration that he has already served, Cox, 829 F2d at 803, his petition must be DISMISSED AS MOOT. The clerk shall close the file.

IT IS SO ORDERED.

Vaughn R Walker
United States District Chief Judge